UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-386-H

**ROBERT JONES, JR.**                                                           **PLAINTIFF**

v.

**BETHANNI E. FORBUSH-MOSS, ESQ.**                             **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Robert Jones, Jr., filed a *pro se* civil complaint. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

### I.

Plaintiff brings suit against Bethanni E. Forbush-Moss, Esq., an attorney licensed in the Commonwealth of Kentucky, alleging a violation of his federal civil and constitutional rights, fraud, manipulation, obstruction of justice, deceit, fabrication, conspiracy, cover-up to conceal truth, denial of witnesses, and excessive attorney fees. Plaintiff reports that Defendant Forbush-Moss denied him "the right to have Witnesses in his behalf"; denied him "the right to file Civil Action against Walter Graham, who have plea guilty in State Court"; and took money from him "under false pretent, Manipulation, obstruction of Justice, Fraud. etc." Plaintiff reports filing a complaint with the Kentucky Bar Association against Defendant Forbush-Moss. As relief, Plaintiff asks this Court to appoint him an honest lawyer; to hold Defendant accountable for

unethical, unprofessional action; and to grant him the right to be heard in open court before a jury.

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. State of Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606.

Plaintiff has failed to meet his burden. For instance, under 28 U.S.C. § 1332, the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states. . . . " Plaintiff, however, neither meets the amount-in-controversy requirement nor demonstrates that Defendant Forbush-Moss is a citizen of a State other than Kentucky, where Plaintiff resides. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff."). Consequently, Plaintiff cannot bring any state law claims by way of the federal diversity statute.

Additionally, under the federal-question statute, codified at 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." While Plaintiff alleges a deprivation of his federal civil and constitutional rights, he fails to specify of which federal rights he was deprived, and even under the most liberal of construction of the complaint, this Court can discern no federal cause of action under which the plaintiff may invoke this Court's federal-question jurisdiction.[1] *See Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (explaining that a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[1] While 42 U.S.C. § 1983 authorizes a district court to redress violations of federal constitutional rights, that statute requires state action, an element clearly missing in Plaintiff's complaint.

Since even a liberal reading of the complaint leads this Court to conclude that Plaintiff has failed to establish this Court's jurisdiction, the instant action must be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
    Defendant
4412.005